***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer is insured by Travelers Indemnity Company of Illinois.
4. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1.
5. Industrial Commission Forms from I.C. File Numbers 969194 and 732192 are stipulated into evidence as Stipulated Exhibit 2. This includes Form 19 for I.C. File Number 732192, Form 28 for I.C. File Number 732192, Form 28 for 732192 dated December 3, 1997, Form 28 for 732192 dated January 8, 1998, Form 28B for 732192 dated October 24, 1998, Form 19 for 969194, Form 18 for 969194, Form 33 for 969194, Amended Form 33 for 969194 and Form 33R for 969194 dated June 6, 2000.
6. The issues before the Full Commission are: (i) whether plaintiff contracted an occupational disease arising out of and in the course of his employment with defendant-employer; (ii) whether plaintiff's claim is barred pursuant to N.C. Gen. Stat. § 97-58 and/or N.C. Gen. Stat. § 97-47; (iii) whether plaintiff refused to return to work after being offered suitable employment; and (iv) whether plaintiff is presently disabled as result of her occupational disease of September 4, 1998.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff had an eighth grade education and has been unemployed since 1998. Plaintiff has received no wages, unemployment or any other compensation since that time.
2. Prior to working for defendant-employer, plaintiff had worked for Campbell Soup in 1992 as a janitor.
3. Plaintiff began her employment with defendant-employer in 1993.
4. Plaintiff had been treated by Ralph E. Carter, M.D., Scotland Memorial Hospital, for right carpal tunnel syndrome and treatment began in 1994.
5. Plaintiff underwent carpal tunnel syndrome surgery on August 16, 1994. This surgery was performed by Dr. Carter. After plaintiff received this surgery, plaintiff continued to be treated by Dr. Carter and was prescribed a splint to wear and medication to deal with the ongoing pain.
6. Plaintiff began to develop further problems with her right arm while employed by defendant-employer, which is the subject of I.C. File No. 732192. Defendant-employer deemed I.C. File No. 732192 to be compensable, and indicated plaintiff developed carpal tunnel syndrome in her right wrist from her regular job duties. Plaintiff's disability began on May 20, 1997 and continued until plaintiff returned to work on November 18, 1997.
7. Plaintiff continued to have problems with her right arm as result of the carpal tunnel syndrome and the surgery.
8. Plaintiff came under the care of Dixon W. Gerber, M.D. Dr. Gerber did an open re-do surgery of the right carpal tunnel syndrome on November 3, 1997. Dr. Gerber released plaintiff after having prescribed physical therapy and other medication in order to deal with her pain.
9. Dr. Gerber last saw plaintiff on November 3, 1997 at which time plaintiff was continuing to experience some pain. Dr. Gerber indicated plaintiff was to work with light duty on both hands and primarily a left-handed job.
10. Dr. Gerber indicated as of early 1998, there was nothing further he could offer plaintiff. Plaintiff's symptoms are largely due to the fact that she had carpal tunnel syndrome for an extremely long period of time and it is likely the nerve does not completely regenerate once it has been damaged.
11. Aneel Patel, M.D., examined plaintiff for pain on April 5, 2001. A nerve conduction study was performed that suggested possible left carpal tunnel syndrome.
12. Plaintiff has not looked for employment nor has she been employed since 2001.
13. Plaintiff's Form 28B for I.C. File No. 732192 indicates plaintiff's last disability compensation was paid December 3, 1997 and last medical compensation was paid October 24, 1998.
14. Plaintiff filed a Form 18 in I.C. File No. 969194 on September 28, 1999, indicating she continued to have carpal tunnel syndrome of the right hand that was aggravated by clipping wire for speakers on September 4, 1998. Plaintiff was no longer employed by defendant-employer at that time.
15. The Form 33 for I.C. File No. 969194 was filed on March 3, 2002.
16. The greater weight of the evidence indicates plaintiff's conditions have resolved. The pain she is currently experiencing is due to prolonged carpal tunnel syndrome as well as lack of nerve regeneration.
17. Plaintiff has failed to prove by the greater weight of the evidence that she has sustained a change of condition concerning her claim filed in I.C. File No. 732192.
18. Plaintiff has failed to prove by the greater weight of the evidence that she has contracted a new occupational disease as indicated in I.C. File No. 969194.
19. Plaintiff did not offer any expert medical evidence that indicates that the conditions of which she complains are related or caused by her employment with defendant-employer. Plaintiff also failed to offer any expert medical evidence that her employment with defendant-employer placed her at an increased risk of contracting these conditions.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff contracted carpal tunnel syndrome arising out of and in the course of her employment with defendant-employer which was the subject of I.C. File No. 732192. N.C. Gen. Stat. § 97-53(13).
2. Plaintiff has received medical treatment for her carpal tunnel syndrome subject of I.C. File No. 732192. N.C. Gen. Stat. § 97-25.
3. Plaintiff has received compensation for her compensable contraction of an occupational disease subject of I.C. File No. 732192. N.C. Gen. Stat. § 97-29.
4. Plaintiff has failed to prove by the greater weight of the evidence that she has sustained a change of condition concerning her compensable occupational disease subject of I.C. File No. 732192. N.C. Gen. Stat. §97-47.
5. Plaintiff has failed to prove by the greater weight of the evidence that she has contracted a new occupational disease subject of I.C. File No. 969194. N.C. Gen. Stat. § 97-53(13).
6. Plaintiff is therefore, entitled to no further compensation or medical treatment for I.C. File No. 732192 or 969194. N.C. Gen. Stat. §§97-53(13); 97-47.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is DENIED.
2. Each side shall bear its own costs.
This the ___ day of ___ 200_.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER